**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAZEN ALOTAIBI,

Petitioner - Appellant,

v.

NETHANJAH BREITENBACH;
CHARLES DANIELS; LOVELOCK
CORRECTIONAL CENTER,

Respondents - Appellees.

No. 24-2523

D.C. No.
2:21-cv-01281-GMN-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted November 20, 2025
San Jose, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SCHREIER,
District Judge.[**]

A jury convicted Petitioner, Mazen Alotaibi, on multiple counts of sexual

assault and lewdness. He appeals the denial of his habeas corpus petition, brought

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

under 28 U.S.C. § 2254, alleging ineffective assistance of trial counsel. Under § 2254(d), our review is "doubly deferential" because we apply deference under both the Antiterrorism and Effective Death Penalty Act and *Strickland v. Washington*, 466 U.S. 668 (1984). *Clark v. Sweeney*, 607 U.S. – , 2025 WL 3260170, at *2 (U.S. Nov. 24, 2025) (per curiam) (quoting *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (per curiam)). The state court's decision to affirm Alotaibi's conviction was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We "look through" to the last reasoned state court decision. In Alotaibi's case, that was the Nevada Court of Appeals' decision, which addressed only the prejudice prong of the *Strickland* analysis. *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018) ("[T]he federal [habeas] court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale."). The state court held that because Alotaibi did not present evidence regarding whether he would have agreed to request an instruction on statutory sexual seduction, Alotaibi "did not demonstrate a reasonable probability of a different outcome at trial but for counsel's failure to discuss this issue with him."

Alotaibi argues that his trial counsel was ineffective for failing to advise him about and request a jury instruction on the lesser-related offense of statutory sexual

seduction. Even assuming counsel's performance was deficient, the claim fails on the prejudice prong.

To establish prejudice, "a [petitioner] must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bejarano v. Reubart*, 136 F.4th 873, 890 (9th Cir. 2025) (alteration in original) (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). The state court did not unreasonably determine the facts when it denied the petition because Alotaibi failed to submit a declaration or testimony stating he would have requested the jury instruction if given the option. Without such proof, Alotaibi did not establish prejudice because, absent a showing that he would have asked counsel to request the sexual-seduction lesser-related jury instruction, he did not show a reasonable probability of a different outcome at trial. *See id.*

And contrary to Alotaibi's contentions, the state court was not required to expressly address every piece of evidence. *See Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) ("[S]tate courts are not required to address every jot and tittle of proof suggested to them, nor need they make detailed findings addressing all the evidence before them." (cleaned up)), *overruled on other grounds by Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). On this record, we cannot say that "*every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a

different decision." *Clark*, 2025 WL 3260170, at *2 (quoting *Dunn*, 594 U.S. at 740). Because Alotaibi failed to establish that the Nevada Court of Appeals reached an unreasonable finding on the prejudice prong, denial of his habeas petition was appropriate.

**AFFIRMED.**